UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN SINDELL,

  Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

  Defendant,
              /

Case No. 1:16-cv-854

HON. JANET T. NEFF

## OPINION

Plaintiff[1] brings this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v.*

---

[1] Although Ian Sindell is the nominal plaintiff, the term "plaintiff" herein shall refer to Mr. Sindell's wife, Michelle Sindell, the claimant and original plaintiff in this action who unfortunately died after the ALJ's decision but before the resolution of this case.

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was fifty-two years of age on the date of the ALJ's decision. (PageID.41, 55.) She completed high school and was previously employed as a school bus driver. (PageID.114, 249.) Plaintiff applied for benefits on August 6, 2013, alleging disability beginning September 8,

2011, due to a variety of ailments.[2] (PageID.130–131, 217–227.) Plaintiff's application was denied on November 1, 2013, and Plaintiff subsequently requested a hearing before an ALJ. (PageID.147–152.) On July 7, 2015, Plaintiff appeared with her counsel before ALJ Laurie Wardell for an administrative hearing at which time Plaintiff, Ms. Danielle Sindell (Plaintiff's daughter), and a vocational expert (VE) all testified. (PageID.65–128.) On July 27, 2015, the ALJ issued an unfavorable written decision that concluded Plaintiff was not disabled. (PageID.41–62.) On May 3, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.31–37.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g) on July 1, 2016. (ECF No. 1.) Ms. Sindell passed away on December 18, 2016, and Mr. Sindell was substituted as the nominal plaintiff on June 26, 2017. (ECF Nos. 25–26.) This case is ripe for decision.

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[3] If the Commissioner can make a dispositive finding at

---

[2] The full list of the alleged disabling impairments includes: SI joint ataxia, sacroiliac joint dysfunction with a right limb limp, ataxia gait disorder with a high risk of falling, oculomotor dysfunction with symptoms of poor visual tracking, post-concussion convergence insufficiency, difficulty with gross motor skills, difficulty with visual vestibular integration, dizziness, tremor in the right hand, a cognitive impairment with severe short and delayed recall, cervical disc degeneration with restricted range of motion in the neck, depression, and obesity. (PageID.130.)

[3]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

3

any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Wardell determined that Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since September 8, 2011, the alleged disability onset date. (PageID.46.) At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disk disease, status post cerebral trauma with residual tremors, organic brain syndrome, obesity, depression, and posttraumatic stress disorder. (PageID.46.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.47–49.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours and stand and/or walk for six hours for a total of eight hours in a workday, with

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

> normal breaks. The claimant can frequently climb stairs and ramps, but cannot climb ladders, ropes, and scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant cannot be exposed to hazards or vibrations and cannot balance on wet or uneven surfaces. The claimant is limited to occasional exposure to extreme cold, humidity, and heat. The claimant cannot work in an environment with brighter than office lighting or with more than a moderate level of noise. The claimant is limited to simple, routine tasks not performed at a production rate pace. The claimant is also limited to occasional interaction with supervisors and coworkers.

(PageID.49.) Continuing with the fourth step, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (PageID.55.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform other work as a marker (3,400 regional and 16,000 national positions), mailing clerk (1,000 regional and 43,000 national positions), and routing clerk (2,000 regional and 69,000 national positions). (PageID.114–121.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.56.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from September 8, 2011, the alleged disability onset date, through July 27, 2015. (PageID.56–57.)

## DISCUSSION

### 1.     The ALJ's Evaluation of the Opinion Evidence.

Plaintiff's brief raises a single issue: whether the ALJ's decision to assign less than controlling weight to the opinions of Plaintiff's treating physicians, Dr. Christina Pareigis, M.D., and Dr. Gary Elliot, Ph.D., violates the treating physician rule. While the Court concludes the ALJ's discussion of Dr. Elliot's opinion is supported by substantial evidence, the ALJ's evaluation of Dr. Pareigis'

opinion suffers from several errors and accordingly is unsupported by substantial evidence.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating physician if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers,* 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must provide "good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting

6

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "'are not well-supported by any objective findings' and are 'inconsistent with other credible evidence'" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Gayheart*, 710 F.3d at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g.*, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Anthem v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007).

A. *Dr. Christina Pareigis, M.D.*

On June 17, 2015, Dr. Pareigis completed a questionnaire responding to preprinted questions concerning Plaintiff's physical limitations. Dr. Pareigis generally remarked that Plaintiff had restrictions in excess of those accounted for by the ALJ. The ALJ evaluated the doctor's opinion as follows:

> The opinion of Christina Pareigis, MD, is afforded little weight (Exhibit 24F). While she is a treating source, her opinion is not consistent with the record as a whole. Dr. Pareigis opined that the claimant has a number of extreme limitations, including an inability to stand or walk more than an hour, lift more than ten pounds, carry any weight at all, climb stairs, sto[o]p, or squat (Exhibit 24F). She also indicated that the claimant cannot use her right or left hand for fine or gross manipulation more than ten percent of the time. The

7

> undersigned finds this difficult to credit. As discussed above, the claimant's balance impairment does not seem to have a physical basis. Furthermore, this opinion directly contradicts the claimant's medical records, which document her lifting more than ten pounds during her functional capacity evaluation. Her functional capacity evaluation also indicated that the claimant has no restriction of fine motor function with either hand. Accordingly, the undersigned affords this opinion little weight.

(PageID.53.) On this record, the Court fails to see substantial evidence supporting the ALJ's decision. As an initial matter, the ALJ's statement that the opinion was inconsistent with the record as a whole is precisely the type of ambiguous language the Sixth Circuit disfavored in *Gayheart*. Furthermore, the ALJ appears to have misread the doctor's opinion by stating the doctor found Plaintiff could not use both her right and left hand for fine or gross manipulation more than ten percent of the time. To the contrary, the doctor applied this limitation only to Plaintiff's right upper extremity, and provided no limitation to the left. (PageID.729.) Similarly the ALJ erred in stating that Plaintiff had lifted more than ten pounds at a functional capacity evaluation. Plaintiff in fact lifted only nine pounds unassisted. (PageID.548.) The evaluation also stated that Plaintiff had difficulty seizing objects with her right hand. She further had difficulty holding onto a small stone with her right hand and in fact dropped it during the evaluation. The evaluator also noted tremors with Plaintiff's right hand when she turned an object, and while Plaintiff could pick up an object using either hand, she had to concentrate and had a tremor when her right hand was tested. These findings are consistent with, not contrary to, Dr. Pareigis's opinion. Accordingly, this matter must be remanded for further consideration of Dr. Pareigis's opinion.

### B. *Dr. Gary Elliot, Ph.D.*

On June 1, 2015, Dr. Gary Elliot, Ph.D., responded to prepared questions concerning Plaintiff's ability to perform work-related mental activities. While the doctor generally found that

Plaintiff would be able to function satisfactorily (albeit with some limitations) in the ability to understand, remember, and carry out instructions, the doctor found that Plaintiff could not respond appropriately to supervisors, co-workers, and work pressures in regular and competitive employment. (PageID.701–702.) Specifically, the ALJ noted that Plaintiff had "marked" restrictions in interacting appropriately with the public, supervisors, and co-workers, and would furthermore have marked difficulties in responding appropriately to work pressures and changes in a usual or routine work setting. (*Id.*) The ALJ assigned this opinion only partial weight, noting that:

> These marked limitations are not consistent with the claimant's records as a whole, particularly her function report, which indicates that she has no problems getting along with friends, family, neighbors, and others (Exhibit 4E.) Accordingly, the undersigned affords this opinion partial weight.

(PageID.54.) The ALJ's conclusion here is well-supported. Indeed Plaintiff did state on her function report that she got along "good" with authority figures. (PageID.268.) She was able to talk on the phone with her mother and her friends. (PageID.266.) In fact she reported she had no problems getting along with family, friends, neighbors, and others. (PageID.267.) This is consistent with the function report completed by Plaintiff's husband. (PageID.285.)

Plaintiff contends, however, the ALJ "cherry picked" the record in making his finding. The argument that the ALJ mischaracterized or "cherry-picked" the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence, deciding questions of credibility, or substituting the court's judgment for that of the ALJ. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *Bass v.*

9

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Court finds that the ALJ's discussion of the doctor's opinion provides an accurate summary of the administrative record. Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction. She must show that the ALJ's factual finding is not supported by substantial evidence. *See Jones*, 336 F.3d at 477 ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). Plaintiff has not shown error here.

### 2. Remand is Appropriate.

Finally, the Court notes that Plaintiff has asked for an award of benefits. While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644. This case is being remanded because the ALJ failed to satisfy the treating physician rule, not because there is compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

### CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **REVERSED** and

the matter is **REMANDED** for further factual findings including, but not necessarily limited to, further evaluation of Dr. Pareigis's opinion.

A separate judgment shall issue.


Dated: August 8, 2017 　　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE