UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN SINDELL,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 1:16-cv-854

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 24). Defendant opposes the motion. For the reasons discussed below, the motion should be granted in part.

    **I.**    **Background**

The claimant and original plaintiff, Michelle Lyn Sindell, filed this action appealing the Commissioner's decision denying her benefits. *See* Compl. (ECF No. 1). Ms. Sindell passed away during the pendency of this action and her husband, Ian Sindell, was substituted in as plaintiff. *See* Order (ECF No. 26). Attorney Gennel Laluna-Shaeffer ("Schaeffer")[1] represented both Ms. Sindell and Mr. Sindell as plaintiff in the federal court action. On August 8, 2017, the Court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C.

---

[1] The Court notes that Attorney Lulana-Schaeffer refers to herself as "Attorney Schaeffer". *See* Reply Brief (ECF No. 41, PageID.935).

1

§ 405(g).  *See* Opinion and Judgment (ECF Nos. 27 and 28).  Plaintiff's counsel did not apply for an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

On remand, attorney Steven T. Parkman represented the plaintiff, Ian Sindell (on behalf of ("O/B/O") Michelle Sindell) in the administrative proceedings.  *See* Parkman Aff. (ECF No. 32-4).  Ultimately, the Social Security Administration (SSA) awarded benefits to Ian Sindell O/B/O Michelle Sindell.  On August 1, 2018, Ian Sindell received a letter from the SSA entitled "Important Information" (ECF No. 32-2), which the parties have treated as the "Notice of Award" ("Notice").  The Notice awarded Ian Sindell $39,300.00 for past due benefits.  *Id*. at PageID.884.  The Notice stated that "[u]nder the fee agreement, the lawyer cannot charge you more than $6,000.00 for his or her work" and advised Ian Sindell that:

> Based on the law, we must withhold part of past-due benefits to pay an appointed representative.  We cannot withhold more than 25 percent of the past-due benefits to pay an authorized fee.  We withheld $6,000.00 from Michell [sic] Sindell's past-due benefits to pay her representative [Attorney Parkman].

*Id*. at PageID.884-885.  Finally, the Notice stated that Ian Sindell would soon receive a payment of $33,264.00 "because we owed money to Michelle Sindell."  *Id*. at PageID.886.[2]

In a letter to the SSA dated August 8, 2018, Attorney Parkman objected to the attorney fee withheld, stating that while $6,000.00 was withheld for Section 406(a) fees for work performed in the administrative proceedings, "nothing was held for Section 406(b) fees" for work performed in the federal court.  Parkman Letter (ECF No. 32-3).  Attorney Parkman also stated that based on the past due benefits award of $39,300.00, "$9,825.00 should have been withheld pending order of the Court."  *Id*. at PageID.888.

---

[2] It appears that the SSA deducted $36.00 in addition to Attorney Parkman's $6,000.00 fee.

2

Attorney Schaeffer had a contingent fee agreement which set forth a fee of 25% of the past-due benefits, which in this case would be $9,825.00. *See* Laluna-Schaeffer Aff. (ECF No. 32-6). In the "Federal Court Fee Contract," which was dated December 8, 2016, Michelle Sindell agreed in pertinent part that:

> I understand that the Social Security Administration is supposed to hold out 25% of the past-due benefits and pay the approved fee to my attorney. If for any reason the SSA fails to withhold money from my past-due benefits for direct payment of the fee to my attorney, I promise to pay my attorney from the past-due benefits I receive.

Contract (ECF No.32-5, PageID.893). However, the contract also limited the total attorney fee award for work done before both tribunals (i.e., the SSA and the federal court) at 25%:

> In no case will the fee that comes out of the back benefits paid on my account be greater than 25% of back benefits (including the fee paid for work on my case before the Social Security Administration).

*Id*. In other words, the total fee of all attorneys working for Ms. Sindell could not exceed 25% of the past-due benefits paid to her.[3]

Given this background, it is unclear from Attorney Schaeffer's motion as to exactly how much she wants to collect for attorney fees under her fee agreement with Ms. Sindell. The motion seeks a fee under U.S.C. § 406(b) in the amount of $9,825.00, which would be 25% of plaintiff's past due benefits. Motion (ECF No. 29). As discussed, under the fee agreement, this is the total amount of fee that can be collected from the lump sum past-due benefits. In her September 4, 2018 letter to Ian Sindell, Attorney Schaeffer stated that she assumed that Mr. Sindell would not be objecting to her request for attorney fees in the amount of $9,825.00 and that "pursuant to Mr.

---

[3] *See, e.g., Ballatore v. Commissioner of Social Security*, No. 11-15335, 2015 WL 5830836 at *8 (Aug. 5, 2015), R&R adopted, 2015 WL 5772000 (E.D. Mich. Oct. 2, 2015) (while 42 U.S.C. § 406 authorizes the collection of separate attorney fees from the two tribunals, the contingent fee contract controlled the maximum attorney fee from all sources when it limited the fee to 25% of the total money received by the claimant).

Parkman's letter to you of August 8, would you also kindly send me a check for $3,825.00 when you receive a deposit of $33,900.00 [sic] from the SSA?". Schaeffer letter (ECF No. 32-7). Then, in an email letter sent to the claimant's daughter on September 6, 2018, Attorney Schaeffer requested that Ian Sindell authorize an Attorney fee of $9,825.00 pursuant to the fee contract. Email (Sept. 6. 2018) (ECF No. 32-6). In this regard, she submitted a form in which it appears that Ian Sindell acknowledged she would charge a fee of $9,825.00.[4]

Attorney Schaeffer also prepared a statement for services rendered in this case directed to Ian Sindell. The statement was in the amount of $12,900.00 for 64.50 hours of work at an hourly rate of $200.00. Statement (Sept. 6, 2018) (ECF No. 32-6).[5] Finally, in footnote 4 of her amended brief, Attorney Schaeffer noted "Attorney Parkman and the undersigned have agreed that they would split equally the 25% attorney fees received. Plaintiff was notified of this agreement and concurred." Amended Brief (ECF No. 32, PageID.878).

In her response, defendant construes Attorney Schaeffer's request as for $3,825.00 (i.e., the 25% past due benefit award less the $6,000.00 paid to Attorney Parkman). *See* Defendant's Response (ECF No. 37, PageID.921). Defendant takes the position that Attorney Schaeffer's requested fee under 42 U.S.C. § 406(b) should be reduced because she failed to request a fee under the EAJA. *Id*. at PageID.922-925. While a fee award under § 406(b) is paid from the claimant's past-due benefit award, any EAJA fee is paid by the government. If a claimant receives both an EAJA award and fees under § 406(b), the claimant's attorney is required to refund the

---

[4] Attorney Schaeffer's supplement to her brief included a Form SSA-1560, "Petition for authorization to charge and collect a fee for services before the Social Security Administration" (ECF No. 38, PageID.929). In this form, Ian Sindell checked a box which acknowledged that Attorney Schaeffer provided services related to this matter before a "State or Federal court" and that he was charged or will be charged a fee of $9,825.00. Petition at PageID.929. Attorney Schaeffer provides no further explanation with respect to this form.

[5] The Court notes that some of the charges appear excessive, e.g., four charges totaling 18.2 hours researching and preparing the fee petition. PageID.905-906.

4

smaller award (typically the EAJA award) to the claimant.   In such cases, the claimant receives a benefit because the government has paid a portion of the attorney fee, leaving the claimant with a larger portion of the past due benefits.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

An attorney's failure to apply for EAJA fees arguably results in a penalty to the claimant.  As one court explained:

> When an attorney does not file for EAJA fees but instead only files for fees under § 406(b), the plaintiff does not receive the benefit of having the lower award refunded to her.  "To prevent plaintiffs from being penalized as a result of counsels' failure to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failure to apply for EAJA fees into account in determining a reasonable fee for their services." *Wolfe v. Colvin*, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016) (citing *Allen v. Comm'r of Soc. Sec.*, No. 10-cv-68, 2012 WL 1596661, at *5 (S.D.N.Y. Apr. 27, 2012) ), adopted in 2017 WL 467495 (E.D. Mich. Feb. 3, 2017).

*Horton v. Commissioner of Social Security*, No. 2:14-CV-00083, 2018 WL 4701588 at *1 (M.D. Tenn. Oct. 1, 2018).

In the reply brief, Attorney Schaeffer stated that she did not file an EAJA petition because "in the past, she has requested such motions and they have been routinely rejected." Plaintiff's Reply (ECF No. 41, PageID.934).  She also stated that, that "[i]t has been the intent of Plaintiff's attorneys (Attorney Parkman and Attorney Schaeffer) that the overall attorneys' fees in the case not exceed 25% of gross recovery with Attorney Parkman seeking fees from SSA for

5

administrative work and Attorney Schaeffer seeking 406(b) fees in federal court should Plaintiff be awarded back benefits and splitting the fees evenly." Reply Brief at PageID.935.

## II. Discussion

Plaintiff's motion seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work done before this Court. Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 *et seq*.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht*, 535 U.S. at 804. While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) under 42 U.S.C. §§ 406(a) and 406(b) "each tribunal may award fees only for the work done before it").

While Attorney Schaeffer's motion nominally asks for attorney fees of $9,825.00 (25% of the past-due benefits), it appears that she is actually seeking $3,825.00. As discussed, Attorney Parkman was paid $6,000.00 for his work performed at the administrative level pursuant to § 406(a). While Attorney Schaeffer seeks to obtain additional funds from her work at the federal court under § 406(b) and then "split" the total recovery with Attorney Parkman, she has provided

6

no statutory authority for the proposition that two attorneys can pool the attorney fees awarded under §§ 406(a) and 406(b) and divide the fees. Attorney Parkman has been paid for his portion of the work performed at the SSA under § 406(a) and cannot be a recipient of a fee under § 406(b) for work which he did not perform in the federal court. With respect to the amount sought, it appears that Attorney Schaeffer attempted to collect $3,825.00 from Ian Sindell before she filed this motion, but it is unclear from the record whether Ian Sindell paid the fee. Finally, because Attorney Schaeffer did not apply for EAJA fees, the question arises as to whether any attorney fee paid to her should be reduced.

In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990). With respect to the first consideration, there is no evidence that Attorney Schaeffer was ineffective or engaged in improper conduct. With respect to the second consideration, the Court must determine whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

7

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

Based on the fee contract, Attorney Schaeffer's fee cannot be greater than 25% of the past-due benefits "including the fee paid for work" on the case before the SSA. Here, the maximum fee (25% of the past-due benefits) is $9,825.00. Of this amount, $6,000.00 has been paid to Attorney Parkman (the attorney who worked on the case before the SSA), leaving a balance of $3,825.00 available to pay Attorney Schaeffer for her work performed in the federal court. Attorney Schaeffer's billing statement reflects that she spent a total of 64.50 hours on the case. Statement at PageID.902-906. Of that amount, Attorney Schaeffer apparently agrees with defendant's calculation that she spent 39.90 compensable hours on the case prior to receiving the opinion and judgment from this Court on August 11, 2017. Statement at PageID.902-904; Reply Brief at PageID.935. Based on the time expended, the requested fee of $3,825.00 results in a hypothetical hourly rate of about $96.00. The Court has considered an hourly rate of $175.00 as reasonable in Social Security Appeals, establishing a *Hayes* "floor" of $350.00 per hour. Because Attorney Schaeffer's hypothetical hourly rate falls well below that floor, it is *per se* reasonable.

In reaching this determination, the Court rejects Attorney Schaeffer's suggestion in footnote 2 of her Reply Brief that under the two tribunal rule discussed in *Horenstein*, she is permitted to collect a fee of $9,825.00 (i.e., 25% of the total past-due benefits) under § 406(b) without any reduction for the $6,000.00 paid to Attorney Parkman under § 406(a). It is unnecessary to address it because Attorney Schaeffer's fee agreement limited *all* attorney fees to 25% of the past-due benefits.

Finally, defendant contends that this $3,825.00 fee should be reduced due to Attorney Schaeffer's failure to file an application for fees under the EAJA. In the Court's opinion, attempting to fix a specific amount of EAJA fees which might have been awarded back in 2017 would be idle speculation. Nevertheless, the Court should take into account an attorney's decision not to apply for EAJA fees. The Court appreciates Attorney Schaeffer's reluctance to automatically move for EAJA fees. If an attorney cannot establish entitlement to EAJA fees, then the attorney should not file a motion for those fees. In this instance, the Court reversed and remanded the case "because the ALJ failed to satisfy the treating physician rule." Opinion (ECF No. 27, PageID.864). However, Attorney Schaeffer did not provide any explanation for failing to apply for EAJA fees based on the merits of the case. Rather, she did not apply for EAJA fees because her past motions were "routinely rejected." Ian Sindell should not be penalized simply because his attorney failed to obtain EAJA fees for previous clients. For this reason, the undersigned proposes that the requested attorney fee be reduced by 20% ($765.00). Accordingly, plaintiff should be awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $3,060.00.

### III.    Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for award of attorney fees (ECF No. 29) be **GRANTED IN PART** in the amount of **$3,060.00**.

Dated:  April 23, 2019           /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).